1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                   AT SEATTLE

10

11    MARY ELLEN POLLAK, et al.,              CASE NO. 2:25-cv-01575-LK

12                      Plaintiffs,           ORDER TO SHOW CAUSE

              v.
13
      ALLSTATE PROPERTY AND
14    CASUALTY INSURANCE COMPANY,

15                      Defendant.

16

17           This matter comes before the Court sua sponte. For the reasons discussed below, the Court

18    orders Allstate to show cause why this case should not be remanded for lack of subject matter

      jurisdiction. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).
19
             Federal courts "have an independent obligation to determine whether subject-matter
20
      jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an
21
      "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power
22
      to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas*
23
      *AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). "If at any time before final
24

ORDER TO SHOW CAUSE - 1

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Doubts as to removability are thus resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendant Allstate Property and Casualty Insurance Company removed this case from King County Superior Court on the basis of diversity jurisdiction. Dkt. No. 1 at 2 (citing 28 U.S.C. § 1332). Specifically, it alleged that Plaintiffs Mary Ellen Pollak and Peter K. Pollak "are Washington residents," while Allstate itself "is a foreign insurer incorporated in the State of Illinois." *Id.*

The record does not establish that diversity jurisdiction exists. The removal notice and complaint state that the Pollaks are Washington residents and homeowners, which Allstate construes as sufficient for Washington citizenship, *id.*; Dkt. No. 1-2 at 2, but state citizenship for purposes of diversity jurisdiction is determined by one's domicile or permanent home, not one's state of residence, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[R]esidency is not

1    equivalent to citizenship."). Alleging that the Pollaks are citizens of Washington solely on the basis

2    of their residency will not suffice to properly demonstrate this Court's jurisdiction over the action.

3          Further, Allstate alleges that it "is a citizen of Illinois" "for purposes of diversity

4    jurisdiction under 28 U.S.C. §1332" because it is "incorporated in the State of Illinois." Dkt. No.

5    1 at 2. Properly alleging an insurance company's citizenship involves determining whether it

6    should be treated as an incorporated or unincorporated entity based on how the relevant state law

7    treats it. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550–51 (7th Cir. 1988)

8    (observing that Texas mutual insurance company was an unincorporated association under Texas

9    law, while Minnesota law treated mutual insurance company as a corporation); *see also, e.g.*, *S.P.*

10   *v. Spinks*, No. 2:20CV995-MHT, 2021 WL 1383233, at *1 (M.D. Ala. Apr. 12, 2021) ("Whether

11   State Farm should be considered a corporation for diversity purposes depends on state law."

12   (citation modified)). An insurance company that is a corporation for diversity purposes is a citizen

13   of not only the state in which it is incorporated, but also the state where it has its principal place

14   of business. 28 U.S.C. § 1332(c)(1). An insurance company that is unincorporated for purposes of

15   diversity jurisdiction has the citizenship of each of its members. *Americold Realty Tr. v. Conagra*

16   *Foods, Inc.*, 577 U.S. 378, 381 (2016). To the extent Allstate is treated as a corporation under

17   relevant state law, its notice of removal failed to "include allegations of both the state of

18   incorporation and the principal place of business of corporate parties," *Harris v. Rand*, 682 F.3d

19   846, 850 (9th Cir. 2012), and it is contradicted by its corporate disclosure and diversity statement,

20   Dkt. No. 7 at 1–2 (corporate diversity disclosure statement alleging that "Allstate is a foreign

21   insurer *incorporated in the state of Delaware* with its principal place of business in Illinois"

22   (emphasis added)). To the extent Allstate is unincorporated for purposes of diversity jurisdiction,

23   its notice fails to supply the citizenship of each of its members.

24

ORDER TO SHOW CAUSE - 3

Moreover, the complaint and notice of removal do not adequately establish that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Conclusory allegations as to the amount in controversy are insufficient." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). Allstate's notice of removal simply recites the policy limits, indicates that Allstate paid some unspecified amounts toward those limits without indicating the remaining amount, and pronounces that "based on information and belief, Plaintiffs have demanded over a $100,000, in contractual benefits under the Personal Property Protection coverage alone." Dkt. No. 1 at 4–5. But "[w]here, as here, parties dispute the applicability of the policy to a particular occurrence— rather than the validity of the policy itself, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Kinsale Ins. Co. v. VBC Madison LP*, No. 2:24-CV-02168-LK, 2025 WL 1866081, at *1 (W.D. Wash. July 7, 2025) (citation modified); *see also State Farm Mut. Auto. Ins. Co. v. El Asadero LLC*, No. 2:24-CV-00513-LK, 2024 WL 3401022, at *2 (W.D. Wash. July 12, 2024) (same); 14B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3710.3 (5th ed. 2025) (same). Thus, the value of the claim, not the policy limit, determines the amount in controversy here. *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (policy limits are "relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, or if the value of the underlying tort claims exceeds the liability ceiling"; where "the applicability of [the insurer's] liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action"). Other than its recitation of the policy limits, Allstate does not explain what information led to its belief that Plaintiffs have demanded over $100,000 in contractual benefits under the Personal Property Protection coverage.

Allstate also argues that "the Court is to apply an estimate of all attorney fees likely to be expended throughout the entire litigation." Dkt. No. 1 at 5 (citing Tenth Circuit law). True enough,

1    but "the entire litigation" can be quite truncated; indeed, over 99 percent of civil cases in this

2    District do not reach trial. United States Courts, Civil Cases Terminated, by District and Action

3    Taken, During the 12-Month Period Ending September 30, 2024, at 4

4    https://www.uscourts.gov/sites/default/files/2025-01/jb_c4a_0930.2024.pdf. "[D]istrict courts are

5    well equipped . . . to determine when a fee estimate is too speculative because of the likelihood of

6    a prompt settlement." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th

7    Cir. 2018). Allstate does not supply an estimate of attorney's fees or a basis for such estimate.

8        A defendant's assumptions regarding the amount in controversy "cannot be pulled from

9    thin air" and "need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.*, 775

10   F.3d 1193, 1199 (9th Cir. 2015); *see also Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir.

11   2020) ("The district court should weigh the reasonableness of the removing party's assumptions,

12   not supply further assumptions of its own."). Here, the Court cannot discern the reasonableness of

13   Allstate's assumptions because Allstate has made no effort to explain them.

14       For these reasons, Allstate has failed to carry its burden of establishing subject matter

15   jurisdiction. Accordingly, within 14 days of the date of this Order, Allstate is ORDERED to

16   SHOW CAUSE why this case should not be remanded for lack of subject matter jurisdiction. In

17   addition, Allstate must file an amended corporate disclosure statement correcting any inaccuracies,

18   if necessary, within seven days of the date of this Order. The Court may impose sanctions for

19   future deficient submissions that unnecessarily multiply the proceedings before it. LCR 11(c).

20       Dated this 22nd day of September, 2025.

21

22                                                Lauren King
                                                  Lauren King
23                                                United States District Judge

24